IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANTHONY EARL KENNEDY,

          Plaintiff,

vs.                                CIVIL NO.   06-1233 MV/LFG

BERNALILLO COUNTY
METROPOLITAN COURT,

          Defendant.

**MEMORANDUM OPINION AND ORDER
ALLOWING FILING OF PETITION WITHOUT PREPAYMENT OF COSTS
AND FEES, BUT DENYING PLAINTIFF'S PETITION
AND DISMISSING ACTION WITH PREJUDICE**

THIS MATTER is before the Court on *pro se* litigant Anthony Earl Kennedy's ("Kennedy") *Pro Se* Petition for a Peremptory Writ of Mandamus.  Kennedy is incarcerated at the Southern New Mexico Correctional Facility.  [Doc. 4.]  Initially, Kennedy neither paid a filing fee nor submitted an affidavit of indigency pursuant to 28 U.S.C. § 1915 seeking *in forma pauperis* status.  On February 20, 2007, however, Kennedy filed a motion and affidavit to proceed without prepayment of costs and fees in accordance with 28 U.S.C. § 1915.  [Doc. 4.]  On February 21, 2007, the Court granted Kennedy's motion to proceed *in forma pauperis* [Doc. 5] and further noted that it would not review the merits of Kennedy's Petition until the initial partial payment was submitted or excused.  The Court now waives the requirement for initial prepayment, and proceeds to determine whether the Court has jurisdiction over Kennedy's Petition.

**Peremptory Writ of Mandamus**

Kennedy seeks a peremptory writ of mandamus to be issued directing a State court, the Bernalillo County Metropolitan Court, to provide him with certain information and records, specifically, an attachment to a criminal complaint filed in August 2002. Kennedy's petition alleges that he has sought to compel a State court to provide him with various records, but the State court has not responded. Accordingly, he seeks a peremptory writ of mandamus.

As an application for writ of mandamus, the petition does not invoke the Court's subject matter jurisdiction. The mandamus statute, 28 U.S.C. § 1361, grants this Court the limited power "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the [petitioner]." 28 U.S.C. § 1361. Respondent, Bernalillo County Metropolitan Court, is not a person or entity identified in the statute, and this Court has no authority under § 1361 to consider the relief sought. *See* Olson v. Hart, 965 F.2d 940, 942 (10th Cir. 1992) (". . . federal courts have no authority to issue a writ of mandamus to a state court"); Stewart v. Hill, No. 00-3287, 2001 WL 326670, at *1 (10th Cir. 4, 2001) (same).

Thus, because the Court lacks subject matter jurisdiction over the relief requested by Kennedy, the Petition [Doc. 1] must be dismissed, with prejudice. *Cf. Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1215 (10th Cir. 2003) (Hartz, J., concurring) ("dismissal with prejudice . . . might not preclude the plaintiff from proceeding in state court"). The Court, however, permits Kennedy's Petition to be filed without prepayment of fees and costs.

IT IS THEREFORE ORDERED that Plaintiff's initial partial payment toward the filing fee is WAIVED;

IT IS FURTHER ORDERED that Plaintiff's petition for writ of mandamus [Doc. 1] is DISMISSED with prejudice; and judgment will be entered in accordance with this opinion.

_____
CHIEF UNITED STATES DISTRICT JUDGE